UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.: 6:12-cv-1456-Orl-28GJK

DC COMICS,

      Plaintiff,

v.

REGINAL B. JONES d/b/a
SUPERMEN FADES TO FROS d/b/a
SUPERMEN'S FADES TO FRO'S
d/b/a FADES TO FRO'S d/b/a
SUPERMAN PRO BARBERSHOP,
and SUPERMEN FADES TO FROS, LLC
d/b/a SUPERMEN FADES TO FROS,

      Defendants.
_____/

**PERMANENT INJUNCTION AND FINAL JUDGMENT**

Upon consideration of the Settlement Agreement and Consent to Permanent Injunction and Final Judgment, the Court makes the following findings of fact and conclusions of law:

1) This Court has jurisdiction over the Plaintiff, DC Comics (hereinafter "Plaintiff" or "DC"), and Defendants, Reginal B. Jones d/b/a Supermen Fades to Fros d/b/a Supermen's Fades to Fro's d/b/a Fades to Fro's d/b/a Superman Pro Barbershop and Supermen Fades to Fros, LLC d/b/a Supermen Fades to Fros (hereinafter "Defendants"), and the subject matter of this action.

2) Plaintiff is the owner or exclusive licensee of the distinctive trademarks indexed as Exhibit A (hereinafter referred to as the "DC Trademarks"). The registrations are valid and subsisting and are conclusive proof of Plaintiff's rights to the marks noted.

3) Plaintiff requests that this Court grant a Permanent Injunction forever enjoining Defendants from utilizing the DC Trademarks in conjunction with the offering for sale, distribution, marketing, advertising and sale of hair grooming services.

In view of the foregoing:

**IT IS ORDERED AND ADJUDGED** that a PERMANENT INJUNCTION is entered as to Defendants, Reginal B. Jones d/b/a Supermen Fades to Fros d/b/a Supermen's Fades to Fro's d/b/a Fades to Fro's d/b/a Superman Pro Barbershop and Supermen Fades to Fros, LLC d/b/a Supermen Fades to Fros pursuant to Rule 65 of the Federal Rules of Civil Procedure, enjoining Defendants, their agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise:

    a. From advertising, marketing, promoting, soliciting, selling, or offering for sale any goods or services including, but not limited to, hair grooming services, not authorized by Plaintiff and bearing unauthorized simulations, reproductions, counterfeits, copies, or colorable imitations of the DC Trademarks or bearing a design or

2

image which is of a substantially similar appearance to the DC Trademarks listed on Exhibit A to this Order;

    b.    From passing off, or inducing or enabling others to produce or pass off, as authentic services produced by the Plaintiff or otherwise authorized by Plaintiff, any services not authorized by Plaintiff or produced under the control or supervision of Plaintiff or approved by Plaintiff that utilize any of the DC Trademarks listed on Exhibit A to this Order;

    c.    From diluting and infringing the DC Trademarks and damaging its goodwill;

    d.    From causing, aiding, or abetting any other person to do any act proscribed under a. through c. above.

It is further **ORDERED AND ADJUDGED** that Defendants shall, within thirty (30) days of issuance of this Order, turn over and transfer possession of all physical signage, shirts, capes, smocks, aprons, and advertising materials that utilize or incorporate the DC Trademarks located at any business operated, owned, or controlled by Defendants, to DC's counsel. In complying with the Order, Defendants shall cooperate with DC's counsel in arranging reasonable dates and times to turn over the infringing signage. Additionally, Defendants shall have ninety (90) days from the issuance of this Order to remove and transfer possession of all vehicle wraps.

It is further **ORDERED AND ADJUDGED** that Defendants shall transfer ownership of the domain name "supermenfadestofros.com" to DC or its designee within thirty (30) days of the entry of this Order, including cooperating with DC's counsel to arrange for the transfer. As part of this cooperation, Defendants shall execute any and all transfer documentation provided by the registrar of the domain name and pass on any transfer codes provided by the registrar to DC's counsel to effectuate the transfer. If Defendants refuse to cooperate with the transfer of the domain name within thirty (30) days of issuance of this order, it is further ordered that the registrar of the domain name "supermenfadestofros.com" shall thereafter transfer the domain name "supermenfadestofros.com" to the Plaintiff or its designee upon presentation of a certified copy of this Order by the Plaintiff.

It is further **ORDERED AND ADJUDGED** that Plaintiff shall provide a report to this Court within sixty (60) days of entry this Order showing whether the Defendants have fully complied with this Order, and if the Defendants have failed to fully comply, Plaintiff may seek full compliance.

It is further **ORDERED AND ADJUDGED** that a Final Default Judgment is entered in favor of DC Comics and against Defendants, Reginal B. Jones d/b/a Supermen Fades to Fros d/b/a Supermen's Fades to Fro's d/b/a Fades to Fro's d/b/a Superman Pro Barbershop and Supermen Fades to Fros, LLC d/b/a Supermen Fades to Fros, jointly and severally, in the amount of Twenty-Five Thousand Dollars ($25,000.00) pursuant to 15 U.S.C. § 1117(d).

It is further **ORDERED AND ADJUDGED** that the Parties waive appeal of this Permanent Injunction and Final Order.

Dated this 1st day of April, 2013.

_____
JOHN ANTOON II
UNITED STATES DISTRICT JUDGE